"UNDER SEAL"

FILED
CHARLOTTE, NC

MAR -3 2020

US DISTRICT COURT
WESTERN DISTRICT OF NC

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | DOCKET NO. 3:20 cr 79-RJC |
| | ) | |
| v. | ) | BILL OF INDICTMENT |
| | ) | |
| | ) | Violation: 18 U.S.C. § 1589 |
| THUY TIEN LUONG | ) | |
| | ) | UNDER SEAL |

**THE GRAND JURY CHARGES:**

At all times material to this Indictment:

1. Luxury Nails Salon was a for-profit nail salon business in Davidson, North Carolina.

2. THUY TIEN LUONG (or the "Defendant") was the owner and manager of Luxury Nails Salon, and supervised the salon staff, made hiring and firing decisions, and determined payroll for the staff.

3. KD was a Naturalized United States Citizen born in Vietnam whom the Defendant employed as a nail technician at Luxury Nails Salon. KD speaks limited English.

**COUNT ONE**
(Forced Labor – 18 U.S.C. § 1589)

4. The Grand Jury realleges and incorporates by reference herein all of the allegations contained in paragraphs one through three of the Bill of Indictment, and further alleges that:

5. Beginning in or around late 2017, and continuing through on or about June 26, 2018, in Mecklenburg County, within the Western District of North Carolina and elsewhere,

## THUY TIEN LUONG

did knowingly provide and obtain, and attempt to provide and obtain, the labor and services of KD by means of force and threats of force to KD; by means of serious harm and threats of serious harm to KD; by means of the abuse and threatened abuse of law and legal process; and by means of a scheme, plan, and pattern intended to cause KD to believe that, if she did not perform such labor and services, she would suffer serious harm.

All in violation of Title 18, United States Code, Sections 1589(a) and 1594(a).

## NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE

Notice is hereby given of 18 U.S.C. § 1594, 28 U.S.C. § 2461(c), and 21 U.S.C. § 853. The following property is subject to forfeiture in accordance with Sections 1594, 2461(c), and/or 853:

a. Any property, real or personal, constituting or derived from proceeds obtained, directly or indirectly, as a result of the violation set forth in this Indictment;

b. Any property, real or personal, involved in, used, or intended to be used to commit or facilitate the violation, or any property traceable to such property; and

c. If, as set forth in 21 U.S.C. § 853(p), any property described in (a) or (b) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant to the extent of the value of the property described in (a) and (b) it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by 18 U.S.C. § 982(b)(1) to seek forfeiture of any other

property of the defendant up to an amount equivalent to the value of the forfeitable property.

The Grand Jury finds probable cause that the following property is subject to forfeiture on one or more of the grounds set forth above:

a. Approximately $2,209 in United States Currency seized during execution of a Search Warrant at Luxury Nails Salon in Davidson, North Carolina; and

b. Approximately $50,000 in funds seized via Seizure Warrant from Wells Fargo Account XXXXXX5867, such account held in the name of Luxury Nails Salon.

A TRUE BILL.



R. ANDREW MURRAY
UNITED STATES ATTORNEY

*KimLi MFord*
KIMLANI M. FORD
ASSISTANT UNITED STATE ATTORNEY

ERIC DREIBAND
ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION

MARYAM ZHURAVITSKY
TRIAL ATTORNEY

3